UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

RAS DALMAR JOHNSON,

Defendant.

CRIMINAL NO. 3:24-CR-00092

(MEHALCHICK, J.)

**MEMORANDUM**

Before the Court are two motions filed by Defendant Ras Dalmar Johnson ("Defendant") on August 13, 2024. (Doc. 24; Doc. 26). The first is a motion to dismiss Counts II and III of the Indictment (Doc. 24) and the second is a motion to suppress evidence obtained in violation of the Fourth Amendment (Doc. 26). Each motion is fully briefed, and an evidentiary hearing was held on November 8, 2024, and continued on November 21, 2024. (Doc. 27; Doc. 36). Post hearing briefs were filed on March 10, 2025. (Doc. 62; Doc. 63). For the following reasons, both motions will be **DENIED**. (Doc. 24; Doc. 26).

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On February 1st, 2024, law enforcement officers lawfully arrested Defendant at 75 Jones St., Wilkes-Barre, Pennsylvania. (Doc. 59, at 5). At this time, Defendant was on parole for an aggravated assault with a deadly weapon conviction. (Doc. 27-2; Doc. 36-3). After an unsuccessful attempt to arrest Defendant in January of 2024, the Pennsylvania Department of Corrections ("PADOC") and state law enforcement requested the assistance of the United States Marshals Service ("USMS") to locate and arrest Defendant. (Doc. 27-2; Doc. 36-2). Accordingly, PADOC issued an arrest warrant for Defendant on February 1st, 2024. (Doc.

36-3). Shortly after, a USMS task force observed Defendant at 175 Jones St. and applied for a warrant in the United States District Court for the Middle District of Pennsylvania to search the address for Defendant and evidence specified in the warrant, including evidence of Defendant's location and his efforts to avoid apprehension, evidence related to the crimes of unlawful flight from prosecution and concealing person from arrest, and other evidence of criminal ongoings. (Doc. 36, at 4; Doc. 27-2; Doc. 36-2). The application was granted, and the warrant was issued by United States Magistrate Judge Joseph F. Saporito on the same day. (Doc. 27-2; Doc. 36-2).

Upon their arrival at 175 Jones St., officers were told by another occupant of the residence that Defendant was inside. (Doc. 45, at 10-11; Doc. 63, at 6). Before officers had fully entered the house, they heard that Defendant was attempting to flee through a back window and was on the back roof of the house. (Doc. 45, at 31; Doc. 59, at 19-21). Officers subsequently located Defendant, who crawled back inside the residence through a bedroom window, and arrested him. (Doc. 36, at 5). After Defendant was arrested, officers finished conducting a protective sweep of the premises. In another bedroom they found in plain view a firearm inside a Timberland boot and a small, open black bag containing suspected narcotics. (Doc. 45, at 16; Doc. 63-4).

Defendant filed the instant motion to suppress and motion to dismiss along with supporting briefs on August 13, 2024. (Doc. 24; Doc. 25; Doc. 26; Doc. 27). The Government filed a brief in opposition to each motion on September 30, 2024. (Doc. 35; Doc. 36). A hearing was held on the pending motions, beginning on November 8, 2024 and continuing and concluding on November 21, 2024. After the filing of the hearing transcripts, the parties

filed post hearing briefs on March 10, 2025. (Doc. 62; Doc. 63). The motions are therefore ripe and ready for discussion.

## II. LEGAL STANDARD

### A. MOTION TO DISMISS COUNTS II AND III OF THE INDICTMENT

Rule 12 of Criminal Procedure governs criminal pleadings and pretrial motions. Fed. R. Crim P. 12. Under Rule 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Pursuant to Rule 12(b)(3), a defendant may file a motion to dismiss an indictment, or counts contained therein, for various reasons including duplicity, lack of specificity, and failure to state an offense. Fed. R. Crim. P. 12(b)(3). "[I]n analyzing a Rule 12 motion to dismiss, a district court's review is confined to the facts alleged in the indictment" and "'must accept as true the factual allegations set forth [therein].'" *United States v. Woznichak*, No. CR 21-242, 2023 WL 7324442, at *2 (W.D. Pa. Nov. 7, 2023) (quoting *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (*abrogated on other grounds by Rehaif v. United States*, 139 S. Ct. 2191 (2019))). Under Rule 12, courts have considered defendants' challenges to the constitutionality of the charges brought against them. *See e.g.*, *Huet*, 665 F.3d at 595; *see also e.g.*, *United States v. Gauthney*, No. CR 22-0028, 2023 WL 7311179, at *1 n.1 (E.D. Pa. Nov. 6, 2023).

### B. MOTION TO SUPPRESS

The Fourth Amendment protects against unlawful searches and seizures. U.S. CONST. amend. IV. "The touchstone of the Fourth Amendment is reasonableness." *Florida v. Jimeno*, 500 U.S. 248, 250 (1991). "Generally, for a seizure to be reasonable under the Fourth Amendment, it must be effectuated with a warrant based on probable cause." *United States v. Robertson*, 305 F.3d 164, 167 (3d Cir. 2002). "Probable cause exists when 'there is a fair

probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Grubbs*, 547 U.S. 90, 95 (2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, (1983)).

Evidence directly derived from an unlawful search or seizure may be excluded from a criminal trial. *See Wong Sun v. United States*, 371 U.S. 471, 484-86 (1963). The Supreme Court "created the exclusionary rule, a deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." *Davis v. United States*, 564 U.S. 229, 231, (2011). Accordingly, when a criminal defendant believes his Fourth Amendment rights have been violated, he "may move to suppress evidence in the court where trial will occur" under Federal Rule of Criminal Procedure 41(h). Federal Rule of Criminal Procedure 12 requires suppression motions to be made prior to trial. Fed. R. Crim. P. 12(b)(3)(C). On a motion to suppress, the movant has the burden of establishing his Fourth Amendment rights against search and seizure were violated. *Simmons v. United States*, 390 U.S. 377, 389–90 (1968). Meanwhile, the government "bears the burden of showing that each individual act constituting a search or seizure under the Fourth Amendment was reasonable." *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005). The relevant burden of proof is "by a preponderance of the evidence." *United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974). Importantly, however, the Supreme Court has suggested that exclusion is not a necessary consequence of a Fourth Amendment violation in every case. *See United States v. Leon*, 468 U.S. 897, 905-06 (1984).

"In deciding a motion to suppress, the trial judge, as the fact finder, determines the credibility of the witnesses and the weight to be given to the evidence." *United States v. Moye*, 722 F.Supp.3d 506, 511 (M.D. Pa. 2024) "The court can accept or reject a witness's testimony, assessing credibility on the following factors: demeanor and manner on the stand, ability to

accurately recollect, impact of the outcome on the witness, whether the testimony supports or contradicts other evidence, and whether the testimony 'withstands a common sense test of reason and logic.'" *Moye*, 722 F. Supp. 3d at 511 (citing *United States v. Murphy*, 402 F. Supp. 2d 561, 569 (W.D. Pa. 2005)).

## III. DISCUSSION

### A. MOTION TO DISMISS COUNTS II AND III OF THE INDICTMENT

In Counts II and III of the indictment, Defendant is charged with possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm by a prohibited person, respectively. Defendant argues these Counts should be dismissed because they infringe upon his Second Amendment rights. (Doc. 25, at 2). The Second Amendment protects "the right of the people to keep and bear Arms[.]" U.S. CONST. amend. II. However, this right is not without its limits. *District of Columbia v. Heller*, 554 U.S. 570 (2008). In 2022, the Supreme Court established a two-step test for evaluating the constitutionality of firearm statutes and regulations in *New York State Rifle & Pistol Association Inc. v. Bruen.* 597 U.S. 1 (2022). This test is "rooted in the Second Amendment's text, as informed by history." 597 U.S. at 19. At step one, *Bruen* requires courts to analyze whether the Second Amendment's "plain text covers an individual's conduct." 597 U.S. at 17. If so, "the Constitution presumptively protects that conduct." *Bruen*, 597 U.S. at 17. At step two, the Government must rebut the presumption of constitutionality by "justify[ing] its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 597 U.S. at 24. If unable to do so, then the regulation or statute is to be deemed unconstitutional. 597 U.S. at 24-27.

Applying *Bruen*, the Third Circuit in *United States v. Moore* found that "a convict completing his sentence on supervised release does not have a Second Amendment right to possess a firearm." 111 F.4th 266, 273 (3d Cir. 2024). In consideration of this precedent, Defendant acknowledges that "his claims for relief are now foreclosed. . . and must be denied at this time." (Doc. 25, at 1). The Government agrees, providing that the statutes under which Defendant has been charged have been found by the Third Circuit to be constitutional and thus the Court should reject any attempt of Defendant to argue otherwise. (Doc. 35, at 4-9). Given Defendant's acknowledgment to the same effect, the Court will **DENY** Defendant's motion to dismiss. (Doc. 24). The Court will not further opine on this issue.

B. MOTION TO SUPPRESS

As a general rule, in a suppression motion, the burden of proof is on the defendant seeking to suppress evidence. *United States v. Johnson*, 63 F.3d 242, 245 (3d Cir. 1995) However, "the government bears the burden of showing that each individual act constituting a search or seizure under the Fourth Amendment was reasonable." *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005). Here, the Government has offered compelling evidence supporting their position that the disputed evidence was obtained lawfully.

Neither party disputes that Defendant was arrested pursuant to a valid arrest warrant. (Doc. 59, at 5). Acknowledging that "officers had obtained a federal warrant to search 175 Jones St. prior to the arrest of [Defendant] at 5:20 p.m," Defendant avers that the "[o]fficers discovered the firearm and controlled substances at 175 Jones St. during a warrantless search of the residence." (Doc. 27, at 8). The Government responds that these materials were discovered while officers were lawfully conducting a protective sweep pursuant to Defendant's arrest, as the gun was in plain view "sticking out of [Defendant's] Timberland

boots and [the] suspected methamphetamine [was seen] on the floor of the front bedroom." (Doc. 36, at 8; Doc. 59, at 35). Officers located these items after Defendant had attempted to flee the residence by proceeding outside and onto his roof, requiring officers to go upstairs to search for him. (Doc. 36, at 8; Doc. 45, at 10). As testimony from USMS Parole Agent Christina Zborovian supports, officers could not reach where they believed Defendant to be located without passing the open door to the bedroom containing the gun and the controlled substances. (Doc. 45, at 11-12, 63). Her testimony, as well as that of Wilkes-Barre Detective Jeffry Ference, supports that officers entered the bedroom where the incriminating items were found as a part of their routine protective sweep, at which time they saw the materials in plain view. (Doc. 45, at 13-14, 16, 63; Doc. 59, at 29-31, 47). Photos taken at the scene where both the gun and controlled substances were found corroborate this testimony. (Doc. 63-4).

Courts have routinely found that incriminating materials found in plain view during a protective sweep to be the fruits of a lawful search. *See e.g.*, *United States v. Wadley*, 185 F. App'x 137 (3d Cir. 2006); *see also United States v. Reyes-Valdez*, No. CR 21-91-2, 2023 WL 5751109, at *7 (E.D. Pa. Sept. 6, 2023), *reconsideration denied*, No. CR 21-91-2, 2024 WL 3360654 (E.D. Pa. July 10, 2024) (denying a motion to suppress where fruits of the search were discovered in pain view during a protective sweep); *see also e.g.*, *United States v. Gatson*, 744 F. App'x 97, 100 (3d Cir. 2018). "A 'protective sweep' is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others." *Maryland v. Buie*, 494 U.S. 325, 327 (1990). When conducting a protective sweep incident to an arrest of a suspect in their home, officers are entitled to search all or part of the premises. *See United States v. White*, 748 F.3d 507, 512 (3d Cir. 2014). Meanwhile, "[u]nder the plain view doctrine, officers may seize incriminating evidence they come across if (1) they have not

'violated the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed'; (2) "the incriminating character of the evidence [is] immediately apparent'; and (3) they 'have a lawful right of access to the object itself.'" *United States v. Dyer*, 54 F.4th 155, 158 (3d Cir. 2022) (quoting *United States v. Menon*, 24 F.3d 550, 559 (3d Cir. 1994)). The Government has the burden of proofing the plain view exception applies. *See Dyer*, 54 F.4th at 158-59.

In this case, the record supports that because Defendant was known to be in 175 Jones Street and actively attempting to escape it through the roof, officers were entitled to enter into and conduct a protective sweep of the entire premises incident to his lawful arrest. (Doc. 45, at 10; Doc. 59, at 20). As noted by the Government in their post-hearing brief, "[i]ndeed, the Third Circuit has on multiple occasions found the search under a bed to be part of a valid protective sweep, while here [officers] merely looked on the ground next to the bed." (Doc. 63, at 10); *see United States v. Massenberg*, 45 F. App'x 115, 120 (3d Cir. 2002); *see also United States v. Snard*, 497 F. App'x 228, 231 (3d Cir. 2012). The Court agrees with the Government that, based on testimony and photos of the scene, the incriminating evidence was visible after only a "quick scan" of the bedroom and that its incriminating nature was readily apparent. (Doc. 45, at 16-17, 42-43; Doc. 59, at 5, 48; Doc. 63, at 11). While Defendant avers that the officers' entry into the bedroom was unlawful because officers had already located Defendant on the roof and the rest of the inhabitants of the residence were outside, this argument fails because during a protective sweep, officers are entitled to search "[r]ooms and closets immediately adjacent to the place of the arrest. . . without probable cause of reasonable suspicion." (Doc. 62, at 6-8); *United States v. Shaulis*, No. 20-2253, 2022 WL 251924, at *1 (3d Cir. Jan. 26, 2022) (non-precedential); *see also United States v. Royal*, No. 1:19-CR-193, 2021

WL 5112330 (M.D. Pa. Nov. 3, 2021) (denying a motion to suppress on the basis that the protective sweep at issue did not extend beyond a reasonable scope by including "adjacent are[s]"). Thus, considering the record as established at the evidentiary hearing, the Court finds the protective sweep was sufficiently limited in time and scope. *See Wadley*, 185 F. App'x at 140 (finding a protective sweep of a home where a suspect was located after the suspect's arrest was lawful). Thus, the Court finds the incriminating materials located in plain view during this protective sweep are fruits of a lawful search, pursuant to Defendant's arrest. Accordingly, Defendant's motion to suppress will be **DENIED**. (Doc. 26).

## IV. CONCLUSION

Based on the foregoing, Defendant's motion to dismiss Counts II and III of the Indictment and motion to suppress are **DENIED**. (Doc. 24; Doc. 26).

An appropriate Order follows.


Dated: June 4, 2025                                        s/ Karoline Mehalchick
                                                        **KAROLINE MEHALCHICK**
                                                        **United States District Judge**